IN THE SUPREME COURT OF THE STATE OF DELAWARE

TERRY BRUINTON, §
 §
 Defendant Below, § No. 246, 2015
 Appellant, §
 § Court Below—Superior Court
 v. § of the State of Delaware,
 § in and for Sussex County
STATE OF DELAWARE, § Cr. ID Nos. 1403020035 and
 § 1406013433
 Plaintiff Below, §
 Appellee. §
 §

Submitted: May 26, 2015
Decided: May 28, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 28th day of May 2015, it appears to the Court that:

(1) On May 18, 2015, the Court received the appellant's notice of appeal from his March 26, 2015 violation of probation ("VOP") hearing and sentencing. Under Supreme Court Rule 6(a)(ii), a timely notice of appeal should have been filed on or before April 27, 2015.

(2) On May 18, 2015, the Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant claims that his counsel assured him that he would file a notice of appeal.

After learning from the Prothonotary's office that no appeal was filed, Bruinton filed a notice of appeal in the Superior Court on April 23, 2015. On April 28, 2015, Bruinton was informed that a notice of appeal had to be filed in this Court and not the Superior Court. Bruinton then filed this appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The record does not support Bruinton's claim that his counsel assured him that he would file a notice of appeal. An "Advice Regarding Appeal From Violation of Probation" form was signed by Bruinton's counsel and filed in the Superior Court. This form reflects that counsel informed Bruinton that if he

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Supr. Ct. R. 10(a).

[3] *Carr v. State*, 554 A.2d at 779.

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

wished to appeal the VOP finding or sentence, he had to file an appeal within thirty days in this Court and that counsel was not filing a notice of appeal on his behalf.

(5) Nothing in the record reflects that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:


/s/ Karen L. Valihura
Justice